```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

JAMES O. JENKINS,                      :

    Petitioner,                    :

vs.                                    :   CIVIL ACTION 08-00356-CG-B

GRANTT CULLIVER,                       :

    Respondent.                    :

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2254 by an Alabama prison inmate, which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005). Upon careful consideration, it is recommended that the petition be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A) because the Court lacks jurisdiction to consider it.

I.  **NATURE OF PROCEEDINGS**

Petitioner was convicted of robbery, first degree, in the Circuit Court of Mobile County, Alabama, on March 12, 1996.[1]  He

---

[1]On that same date, Petitioner was also convicted of Assault, second degree, and intimidating a witness, for which he received sentences of two concurrent fifteen year terms. (Doc.

received a sentence of life imprisonment without parole pursuant the Alabama Habitual Felony Offender Act. (Docs. 4; 11). Petitioner gave oral notice of appeal, and on September 30, 1996, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence on appeal. (Doc. 11, Exh. D, p. 6).  Rehearing was denied by the appellate court on December 20, 1996. (Doc. 11, Exh. B). Petitioner asserts that he petitioned for certiorari review in the Alabama Supreme Court (Doc. 4); however, the record does not support Petitioner's assertion.

On February 12, 1997, Petitioner filed a Rule 32 petition, which was summarily denied by the trial court on June 4, 1997. (Doc. 11, Exh. D). Petitioner appealed, and the Alabama Court of Criminal Appeals affirmed the trial court's decision, by memorandum opinion, on March 6, 1998. (Doc. 11, Exh. E). Petitioner's application for rehearing was overruled on May 8, 1998, and the Alabama Supreme Court struck Petitioner's petition for writ of certiorari on June 18, 1998. See (Doc. 11, Exh. F).

On October 15, 1998, Petitioner filed a habeas petition in this Court, namely Jenkins v. Jones, CA No. 98-01025-BH-C.[2]

---

11). However, it appears from his petition that Petitioner is challenging only the first degree robbery conviction. (Doc. 4).

[2]Notably, Question 14B on the court-provided form for a habeas petition under 28 U.S.C. § 2254 asks: "Have you previously filed a habeas corpus petition attacking this present conviction in this or any other federal court?" Petitioner marked the answer "No." (Doc. 4, p. 9).

2

Petitioner raised the following claims in his 1998 petition:

> (1) ineffective assistance of trial and appellate counsel; (2) the State knowingly withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 101 L. Ed. 2d 215 (1963); (3) the prosecutor used five of nine peremptory challenges to exclude female petit jurors solely on the basis of their gender and used two challenges to strike unemployed individuals on account of their status in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment; (4) one of the jury instructions impermissibly shifted the burden of proof on the element of intent to the defendant causing his trial to be fundamentally unfair; and (5) prosecutorial misconduct on account of improper, inflammatory and prejudicial comments made to the jury during both opening and closing statements.

(Doc. 11, Exh. F). By Order dated September 1, 1999, the District Court adopted the Magistrate Judge's Report and Recommendation, which determined that Petitioner's petition for habeas relief should be denied, and entered judgment dismissing Petitioner's habeas petition with prejudice. (Doc. 11, Exh. G; CA No. 98-01025-BH-C, Docs. 14, 15). Petitioner's application for certificate of appealability was denied on December 30, 1999.(Doc. 11, Exh. H).

On September 14, 2004, Petitioner filed a petition for sentence modification under § 13A-5-9, as amended, pursuant to Kirby v. State, 899 So. 2d 968 (Ala. 2004). (Doc. 11, Exh. C). Petitioner's motion for sentence modification was denied on September 24, 2004. See (Id.)  Petitioner filed a second petition for sentence modification on April 10, 2006, which was denied by the circuit court on May 3, 2006. (Id.) The Alabama Court of Criminal Appeals affirmed that denial on August 11, 2006; however, the Alabama Supreme Court, on March 16, 2007, reversed the appellate court's decision and remanded Petitioner's petition for sentence modification to that court to consider the merits of his appeal. (Doc. 11, Exhs. I, J).  On remand, the Alabama Court of Criminal Appeals affirmed the decision of the circuit court on the merits. (Doc. 11, Exh. K).  Certiorari review was denied by the Alabama Supreme Court on May 9, 2008. (Doc. 11, Exh. L).

Petitioner filed the instant habeas petition on or about June 20, 2008.[3] (Doc. 1).  He raises one claim in this petition. Petitioner claims that he was denied his right to due process and equal protection when the trial court denied his petition for sentence modification.  (Doc. 4).

Respondent contends that the instant habeas petition should be dismissed because, having previously filed a petition for habeas

---

[3]At the Court's direction, Petitioner filed a petition on this Court's form for a habeas petition on July 30, 2008. (Doc. 4).

relief in this Court, Petitioner was required to apply to the Eleventh Circuit Court of Appeals for leave in order to pursue the instant successive habeas petition. According to Respondent, this Court lacks jurisdiction to review this petition pursuant to 28 U.S.C. § 2244(b)(3)(A) without authorization from the Eleventh Circuit Court of Appeals. (Doc. 11, pp. 4-6).[4]

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. §2244(b)(3)(A) which requires that "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000).

As noted supra, Petitioner's first habeas petition was filed on October 15, 1998, and was dismissed with prejudice on September 1, 1999. His current petition, filed on or about June 20, 2008, is clearly a successive petition. As such, this Court lacks

---

[4]Respondent further asserts that this petition should be dismissed because Petitioner's claims are procedurally defaulted in this Court and barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1). (Doc. 11). Since Petitioner's petition is clearly successive, and as a result, this Court lacks jurisdiction to review this action, the Court will not address Respondent's procedural default and statute of limitations arguments.

jurisdiction to entertain the current petition absent Petitioner first obtaining permission from the Eleventh Circuit Court of Appeals[5].  <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir.), <u>cert. denied</u>, 520 U.S. 1203 (1997).  Petitioner does not allege, and the record in this case does not reflect that Petitioner obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition.  <u>U.S. v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005); <u>Farris v. U.S.</u>, 333 F.3d 1211, 1216 (11th Cir. 2003).  Because Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Petitioner's request for relief.[6]

**III. CONCLUSION**

Accordingly, the undersigned Magistrate Judge recommends that the present habeas corpus petition be dismissed due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding

---

[5] The undersigned further observes that there are no circumstances present in this case which "would entitle [Petitioner] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay...because the [one year] limitations period had already expired before he filed" the instant habeas action.  <u>Guenther v. Holt</u>, 173 F. 3d 1328, 130-1331 (llth Cir. 1999).

[6] In connection with his assertion that he was denied due process by the State, Petitioner also claims newly discovered evidence and actual innocence. (Doc. 1, p. 12).  However, these are claims that Petitioner would need to raise with the Eleventh Circuit in conjunction with his request for authorization to file a second habeas petition because at this juncture, this Court lacks jurisdiction to consider Petitioner's request for relief.

objections to the report and recommendation of the Magistrate Judge.

DONE this the **14th** day of **May, 2009.**

                                                **/S/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)( c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.